UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JENIFER YOUNG, Individually and as General Guardian for J.W. and F.L., her minor children, | Case No. 25-cv-<br>Hon. |
| Plaintiff, | |
| v. | |
| CITY OF DETROIT, DETROIT POLICE DEPARTMENT, SGT. SCOTT A. BARRICK, OFFICER M. GOLDEN, OFFICER J. TURNER, and OFFICER P. PLUMMER, | |
| Defendants. | |

ERIC STEMPIEN (P58703)
MALLORIE M. BLAYLOCK-DANNA (P84331)
STEMPIEN LAW, PLLC
Attorneys for Plaintiffs
38701 Seven Mile Road, Suite 445
Livonia, MI 48152
(734)744-7002
eric@stempien.com
mallorie@stempien.com

## COMPLAINT AND JURY DEMAND

Plaintiff, JENIFER YOUNG, individually and as General Guardian for J.W. and F.L., her minor children, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendants, CITY OF DETROIT, DETROIT POLICE DEPARTMENT, SGT. SCOTT A. BARRICK, OFFICER M. GOLDEN, OFFICER

1

J. TURNER, and OFFICER P. PLUMMER, jointly and severally, and in support thereof states:

1. Plaintiff Jenifer Young ("Young" or "Plaintiff") is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendants, CITY OF DETROIT ("City of Detroit") and DETROIT POLICE DEPARTMENT ("DPD") are political subdivisions of the State of Michigan.

3. Defendants, SGT. SCOTT A. BARRICK, OFFICER M. GOLDEN, OFFICER J. TURNER, and OFFICER P. PLUMMER, (collectively "DPD Officers") were, at all material times, employed as police officers of the DPD, City of Detroit, County of Wayne, State of Michigan.

4. When the events alleged in this complaint occurred, DPD Officers were acting within the scope of their employment and under color of law.

5. At all material times, the City of Detroit and DPD employed the DPD Officers and are liable for their acts. The City of Detroit and DPD are also liable because of their policies, practices, and customs, which led to this complaint of violation.

6. Jurisdiction is vested upon this Court pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

7. At all times pertinent hereto, Defendants acted under the color of state law, meaning under the color of statutes, codes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or federal law.

8. The events giving rise to this cause occurred in the Eastern District of Michigan and venue is proper in this District.

## COMMON ALLEGATIONS

9. At all material times, Plaintiff and her minor children resided at 2295 W. Philadelphia Street, Detroit, MI 48206 (subject "residential unit").

10. Plaintiff's residential unit is part of a multi-unit building which consists of two separate residential units: 2295 W. Philadelphia Street, Detroit, MI 48206 (Plaintiff's "residential unit") and 2293 W. Philadelphia Street, Detroit, MI 48206.

11. At the exterior entry of Plaintiff's multi-unit building, there is a main, shared front door.

12. To the left of the front door of the multi-unit building, an address plaque reads "2295."

13. To the right of the front door of the multi-unit building, an address plaque reads "2293."

14. There is a mailbox affixed above each address plaque on the exterior entrance of the multi-unit building.

15. Upon entering the multi-unit building's shared entrance, there is an interior front door to one residential unit on the left, which is Plaintiff's residential unit.

16. Upon entering the multi-unit building's shared entrance, there is a stairwell to the right, which leads to the other residential unit: 2293 W. Philadelphia Street, Detroit, MI 48206.

17. On December 30, 2024 at 9:14 a.m., a Search Warrant was issued for "2293 W. Philadelphia Street, Detroit, MI 48206."

18. The Search Warrant described the property as "a two family duplex, red brick, with white trim. The address, 2293, is clearly marked on the front of the house. The residence is on the south side of W. Philadelphia between 14th Street and LaSalle Blvd. The search will include curtilage of the property including out buildings, sheds, and detached garage."

19. The Search Warrant further provided that:

> For the purposes of a Search Warrant, narrowly specific to the burglary of motor vehicles as Affiant seeks authorization to seize, tabulate, and make return thereof according to the law, the following property items, which have been used in the commission of, or which constitute evidence specifically related to, the breaking and entering of a motor vehicle as documented in report number 2412240041:
>
> > 1. Burglary tools, including pry devices, window punches, lock picks, and slim Jim.

      2. Firearms or weapons linked to violent crimes, including burglaries.
      3. Stolen property, including: Smith & Wesson Handgun, model CSX 9MM SER#[redacted].
      4. Proof of residency for occupants using 2293 W. Philadelphia as a mailing address.
      5. White 2020 Chevy Equinox, Michigan PL #[redacted] registered to Tiffany Vega.

20. An Affidavit prepared by Sergeant Alexander Collrin in connection with the Search Warrant provided the address of "2293 W. Philadelphia" three times.

21. The Search Warrant did not authorize a search of an entire multi-unit building.

22. The Search Warrant was clear and specific.

23. On December 30, 2024 at or about 1:15 p.m., Defendants and other DPD Officers conducted a raid and executed a warrantless search on Plaintiff's residence.

24. Plaintiff's minor toddler, F.L., was near the door when Defendants and other DPD Officers broke down Plaintiff's residential unit's front door with a battering ram.

25. Plaintiff's older minor child, J.W., who was on the phone with Plaintiff at that time, stated to his mother, "Please come home, they're raiding the house!"

26. Plaintiff's older minor child, J.W., then gave the phone to a DPD Officer who told Plaintiff that they could not tell her anything.

27. The DPD Officer on the phone did not give Plaintiff any opportunity to inform them that Defendants were executing the Search Warrant on the wrong residence.

28. Approximately six (6) DPD Officers entered and proceeded to execute the Search Warrant on Plaintiff's residence.

29. Approximately seven (7) minutes later, Plaintiff called Defendants and spoke with a female sergeant who advised Plaintiff that "we can't help you."

30. The female sergeant did not give Plaintiff any opportunity to inform her that Defendants were executing the Search Warrant on the wrong residence.

31. A frantic Plaintiff then called J.W. again, was advised that Defendants had knocked down two doors, and immediately left work to go home.

32. J.W. was wrongly detained and handcuffed by Defendants for approximately twenty (20) minutes.

33. Upon Plaintiff's arrival at her residence, Plaintiff recalls gun(s) being drawn and J.W. had his hands up, in fear for his life.

34. Plaintiff asked, "what is going on?!" but, again, Defendants refused to tell Plaintiff anything.

35. Soon thereafter, Defendant, SGT. SCOTT A. BARRICK, called Plaintiff, confirmed he was part of the Raid Team, stated that Defendants had a Search

Warrant for 2293 W. Philadelphia, admitted "we went in the wrong door," and apologized to Plaintiff.

36. As a direct and proximate result of Defendants' unlawful actions, Plaintiff and J.W. have sought mental health treatment and F.L. reenacts seeing her brother handcuffed.

37. The injury inflicted upon Plaintiff and her minor children resulted from execution of an official governmental policy, custom, or legislation of Defendants and was the moving force behind the alleged injury.

38. The injury inflicted upon Plaintiff and her minor children resulted from action authorized by a designated decisionmaker of Defendants.

39. The injury inflicted upon Plaintiff and her minor children resulted from Defendants' failure to train or supervise employees.

40. The injury inflicted upon Plaintiff and her minor children resulted from a custom of acquiescence in rights violations.

41. City of Detroit had a policy or custom of failing to train its employees and that failure caused its city employees, DPD Officers, to violate Plaintiff's and her minor children's constitutional rights, as fully explained herein.

42. The City of Detroit's training and/or supervision of DPD Officers was inadequate for the tasks performed.

43. The inadequacy was the result of the City of Detroit's deliberate indifference and was closely related to, or actually caused, the injury suffered by Plaintiff and her minor children.

44. As a direct and proximate result of Defendants' unlawful actions described herein, Plaintiff and her minor children have suffered and will continue to suffer damages, injury, emotional distress, humiliation, and other pain and suffering.

## COUNT I – VIOLATION OF 42 U.S.C. §1983

45. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein and further states that:

46. Federal statute, 42 U.S.C. §1983, imposes civil liability upon persons acting under color of state law who deprive a citizen of the rights guaranteed by the United States Constitution and federal law.

47. The Fourth and Fourteenth Amendments to the United States Constitution prohibit unreasonable searches and seizures.

48. Defendants were acting under color of state law when they took actions against Plaintiff and her minor children, as described herein.

49. No exigent circumstances existed which may have otherwise warranted a warrantless search or seizure.

50. No voluntary consent to enter or search Plaintiff's residential unit was given to Defendants.

51. Defendants knew there were multiple residential units in the subject residential structure, as the Search Warrant described the property as "a two family duplex."

52. Defendants did not have reason to believe there was probable cause to search Plaintiff's residential unit.

53. The targets of Defendants' investigation did not have access to the entire residential structure.

54. The targets of Defendants' investigation did not have access to Plaintiff's residential unit.

55. When a building is divided into more than one residential unit, a distinct probable cause determination must be made for each unit before it can be searched.

56. The building in which Plaintiff and her minor children reside is divided into more than one residential unit.

57. Defendants failed to make a distinct probable cause determination for each unit prior to entering Plaintiff's residence.

58. Defendants' discovery of multiple mailboxes on the exterior front door should have alerted them to the risk of targeting the wrong location.

59. Defendants' discovery of multiple address plaques on the exterior front door should have alerted them to the risk of targeting the wrong location.

60. Defendants' discovery of multiple residences contained within the residential structure should have alerted them to the risk of targeting the wrong location.

61. The Search Warrant describing the property as "a two family duplex" should have alerted Defendants to the risk of targeting the wrong location.

62. As of December 30, 2024 when this incident occurred, a reasonable officer would have been on notice that actions, such as those of Defendants', would amount to a constitutionally unreasonable search and seizure.

63. Defendants' actions were objectively unreasonable, based on the information available to them at the time.

64. By taking the actions against Plaintiff and her minor children, Defendants caused Plaintiff and her minor children to be deprived of a right secured by the Constitution of the United States; specifically, their right under the Fourth and Fourteenth Amendments to be free from–unreasonable searches and seizures.

65. The constitutional prohibition against unreasonable searches and seizures was clearly established at the time of the conduct challenged in this action.

66. As a direct and proximate result of Defendants' unlawful actions described above, Plaintiff and her minor children suffered and will continue to suffer damages, injury, emotional distress, humiliation, and other pain and suffering.

WHERFORE, Plaintiff requests this Court enter judgment in her and her minor children's favor against Defendants, and award Plaintiff economic and non-economic damages sustained as a direct and proximate result of Defendants' conduct, punitive and exemplary damages, all other equitable and injunctive relief deemed appropriate at the time of final judgment, together with costs and interest, attorney fees, and all other such equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, JENIFER YOUNG, by and through her attorneys, Stempien Law, PLLC, hereby demands a trial by jury in this matter.

Respectfully submitted,

STEMPIEN LAW, PLLC

*/s/ Mallorie M. Blaylock-Danna*
MALLORIE M. BLAYLOCK-DANNA (P84331)
Attorneys for Plaintiffs
38701 Seven Mile Road, Suite 445
Livonia, MI 48152
(734) 744-7002
mallorie@stempien.com

Dated: December 18, 2025